IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:02CR21 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | TENTATIVE FINDINGS |
| DALE R. HERMAN, | ) ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") in this case. Both parties have adopted the PSR (Filing Nos. 288, 290). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The Defendant advises that it is expected that the U.S. Attorney will file a motion pursuant to U.S.S.G. § 5K1.1 based on substantial assistance prior to sentencing and that the Defendant expects to present evidence relating to extraordinary post-offense rehabilitation. The Court notes that ¶ 1b of the plea agreement prohibits the filing of a motion based on post-offense rehabilitation. Moreover, the Eighth Circuit has recently stated that district courts may only address the issue of substantial assistance when considering a motion filed pursuant to § 5K1.1 and the extent of any departure. *United States v. Pepper,* 412 F.3d 995, 998 (8th Cir. 2005). Therefore, the Court's tentative finding is that the Court is unable to address the issue of post-offense rehabilitation through any possible § 5K1.1 motion or as a defense motion.

IT IS ORDERED:

1. The parties are notified that my tentative findings are that the PSR is correct in all respects;

2. The Court also tentatively finds that, pursuant to the plea agreement and the law, it is procedurally unable to address the issue of post-offense rehabilitation;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 2 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 5th day of August, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge